Exhibit "A"

AHERIN, RICE & ANEGON
Darrel W. Aherin
1212 Idaho Street
P.O. Drawer 698
Lewiston, ID 83501-0698
(208) 746-3646
ISB# 1534

Attorneys for Plaintiff

4-3-2009
2:29pm
# 7118

Answer/Remand
5/13

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT
OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF LATAH

| | |
|---|---|
| RICHARD DRURY,<br><br>            Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>            Defendant. | NO. CV2009-00296<br><br>COMPLAINT<br><br>Fee Category: A(1)<br>Fee: $88.00<br><br>BREACH OF CONTRACT, PROMISSORY ESTOPPEL, FRAUD |

COMES NOW the above named plaintiff, by and through his attorney, Darrel W. Aherin, of Aherin, Rice & Anegon, and hereby complains and alleges as follows:

I.

The plaintiff, Richard Drury, is and at all times material herein, was a resident of the City of Moscow, County of Latah, State of Idaho.

II.

The defendant, Allstate Insurance Company, (hereafter "Allstate") is and at all times material herein, was an insurance company authorized to do business in Idaho.

COMPLAINT - hrr -- 1
N:\Drury, Richard (02) - 8304.02\pleadings\complaint.docx

Aherin, Rice & Anegon
Attorneys at Law
Lewiston, Idaho

III.

For 25 years, plaintiff was an insurance agent for Allstate in Moscow, Idaho. Since January 2000, plaintiff was an Exclusive Agent to Allstate pursuant to the Allstate R3001S Exclusive Agency Agreement.

IV.

In 2004 and 2005, there were two authorized Allstate agents in Moscow, Idaho. Allstate set business goals and objectives for the Allstate agents in the Northwest Region to meet. These goals and objectives could not be achieved by either agent. Plaintiff, however, averaged a profit for his insurance agency in the amount of $400,000 per year. Plaintiff was at or near the age of 65 years and living with Multiple Sclerosis.

V.

In 2006, Allstate authorized a third agent in Moscow, Idaho.

VI.

In February 2007, Allstate approved plaintiff's agency move to a different location. Allstate knew plaintiff entered into a three year lease for his office space. On May 1, 2007, plaintiff moved his business. On May 31, 2007, Allstate gave 90 days notice to plaintiff by letter that he would be terminated as an Allstate agent for failure to meet business objectives, termination effective September 1, 2007.

## BREACH OF CONTRACT

VII.

Plaintiff and defendant's Exclusive Agent Agreement provides that plaintiff could be terminated with or without cause by giving plaintiff 90 days' notice. Defendant terminated plaintiff and the Exclusive Agency Agreement stating plaintiff failed to achieve business objectives.

VIII.

Plaintiff's performance was not less than other Allstate Exclusive Agents in Moscow, Idaho and the rural areas of North Central Idaho and Eastern Washington, where agents often do not meet the set business goals of Allstate. Additionally, the profit earned from plaintiff's business by Allstate was about $400,000 per year.

IX.

Defendant breached its Exclusive Agent Agreement by terminating plaintiff as an agent on the basis of his age and disability and not grounds of his failure to meet business objectives. Plaintiff was 65 years old at the time he was terminated and living with Multiple Sclerosis. Defendant terminated plaintiff to replace him with a younger and non-disabled agent to eventually take over plaintiff's book of business. Defendant began this process a year before by authorizing a third Allstate agent in Moscow, Idaho. After plaintiff's termination and to the present date, there are only two Allstate Agents in Moscow, Idaho.

X.

As a result of this breach of contract, plaintiff has incurred damage.

## PROMISSORY ESTOPPEL

XI.

Plaintiff suffered substantial detriment by his reliance on defendant's approval of plaintiff's relocation of his Allstate Agency. Defendant gave approval on February 2007 to move to a new location in Moscow, Idaho. As a result of this approval, plaintiff has incurred substantial costs when he signed a three-year lease, purchased business signs, and moved his business to a new location on May 1, 2007, the same month he was given notice of his termination.

XII.

Defendant foreseen or should have foreseen that plaintiff would act upon the defendant's approval of plaintiff's business relocation and incur costs in renting and moving into a new office.

XIII.

Plaintiff acted reasonably on defendant's approval of a new business location as permitted by the Exclusive Agency Agreement and EA Independent Contractor Manual. Plaintiff, at the time of his move, had no knowledge that defendant planned to terminate the Exclusive Agency Agreement. If he had knowledge of defendant's plan to terminate him, plaintiff would not have signed a three-year lease for the new location.

## FRAUD

### XIV.

Defendant made a representation that it was going to continue the Exclusive Agency Agreement by approving the relocation of the plaintiff's business and failing to notify the plaintiff of its year-long plan to terminate the contract.

### XV.

Defendant knew this representation to continue on with the Agreement was false because it had established a third Allstate Agent in Moscow a year earlier in anticipation of terminating the plaintiff when neither of the two established Agents achieved Allstate's set business goals.

### XVI.

The representation of continuing on with business by approving the relocation was material to plaintiff's reliance where he incurred substantial expense in moving to and renting the new location.

### XVII.

Defendant made this representation with the intent for plaintiff to rely upon so plaintiff could continue to do business for defendant, which would be later taken by a new, younger, non-disabled Agent.

### XVIII.

Plaintiff had no knowledge of and could not discover defendant's intent to terminate the Exclusive Agency Agreement. Plaintiff was not informed of defendant's decision to terminate the Agreement until May 31, 2007.

### XIX.

Plaintiff relied on that representation and incurred, as a proximate result, substantial damages. Such reliance by the plaintiff on the defendant's representation was reasonable under the circumstances, considering the approval of the new location of plaintiff's agency only a few months before termination of the Exclusive Agency Agreement.

## DAMAGES

### XX.

Plaintiff has been damaged by Allstate's conduct. Plaintiff's damages exceed $10,000.

## XXI.

Plaintiff alleges that Allstate's conduct was intentional and plaintiff will seek an order allowing plaintiff to amend the complaint to claim punitive damages.

WHEREFORE, plaintiff prays for judgment against the defendant, as follows:

FIRST: For all contract damages allowable in an amount to be proven at trial;

SECOND: For all compensable damages for defendant's bad faith conduct;

THIRD: For an order allowing plaintiff to amend the complaint to include a claim for punitive damages;

FOURTH: For costs expended in bringing this action; and

FIFTH: For such other and further relief as the court may deem just and equitable.

DATED this 21st day of March, 2009.

AHERIN, RICE & ANEGON

By _____
Darrel W. Aherin
Attorney for Plaintiff

CASE NO

2009 APR -3 PM 2: 29

CLERK OF DISTRICT COURT
LATAH COUNTY

BY_ _ _ _ _ _ _ DEPUTY

AHERIN, RICE & ANEGON
Darrel W. Aherin
1212 Idaho Street
P.O. Drawer 698
Lewiston, ID 83501-0698
(208) 746-3646
ISB# 1534

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT
OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF LATAH

RICHARD DRURY,

        Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

        Defendant.

NO. CV 2009-00 296

SUMMONS

NOTICE:    YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF. THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO:    ALLSTATE INSURANCE COMPANY

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated court within 20 days after service of this Summons on you. If you fail to so respond, the court may enter judgment against you as demanded by the plaintiff in the Complaint.

SUMMONS - hrr -- 1
N:\Drury, Richard (02) - 8304.02\pleadings\Summons.docx

ASSIGNED TO
HON. JOHN R. STEGNER
DISTRICT JUDGE

Aherin, Rice & Anegon
Attorneys at Law
Lewiston, Idaho

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1. The title and number of this case.

2. If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3. Your signature, mailing address, and telephone number of your attorney.

4. Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED this 3 day of ~~March~~ April, 2009.

CLERK OF THE DISTRICT COURT

By *Sue Anderson*
Deputy

SUMMONS - hrr -- 2
N:\Drury, Richard (02) - 8304.02\Pleadings\Summons.docx

Aherin, Rice & Anegon
Attorneys at Law
Lewiston, Idaho